Not For Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br><br>    *Plaintiff*,<br><br>    v.<br><br>CHRISTOPHER PORRINO,<br><br>    *Defendant*. | Civil Action No. 21-5462<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

    Plaintiff Manetirony Clervrain seeks to bring this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

In this matter, Plaintiff did not file a complaint but filed three documents styled as motions. The documents are: (1) MOTION FOR ["*UNREASONABLE CLASSIFICATION"*] OR CONTROVERSIES BY INVOKING BY THE ANT(s) REFOM MULTIPLICY ACT ("TARMA"), D.E. 1; (2) MOTION FOR "JUDICIAL INTERVENTION(s)" AND CLARIFICATION NECESSARY BY INVOKING THE MOVEMENT(s) ON CRIMES MITIGATING ACT ("MOCMA"), D.E. 2; and (3) MOTION FOR "PROMPT NOTICES" OR "THEIR EXPERTISE ACT" ("TEA"), OR OPINION(s) BY THE NATIONAL ISSUES REGULATORY TREATIES ACT ("NIRTA"), D.E. 3.  Although courts typically screen a complaint under Section 1915, because there is no complaint in this matter the Court will review Plaintiff's three "motions" to determine if Plaintiff seeks any cognizable relief.

Plaintiff's submissions consist of seemingly random citations to statutes, regulations, and case law with no apparent connection to any cognizable legal claims.  Plaintiff includes many excerpts from prior judgments from other cases, which Plaintiff seems to contest in his submissions to this Court.  Ultimately, Plaintiff's submissions are largely unintelligible, indecipherable, and require a review of other Court's orders and opinions to decode Plaintiff's requested relief.  It appears that Clervrain is a native and citizen of Haiti and was admitted to the United States as a permanent resident in 1997.  *Clervrain v. Schimel*, No. 20-538, 2020 WL 3064203, at *2 (E.D. Mo. June 9, 2020), *aff'd*, No. 20-3324, 2021 WL 1747893 (8th Cir. Mar. 5, 2021).  Clervrain applied for naturalization while living in Florida, but his application was denied due to "poor moral character" based on two prior convictions of third-degree felonies.  *Id.*  On

September 30, 2011, Clervrain was convicted of conspiracy to commit mail and wire fraud, and conspiracy to commit wire and bank fraud. *See United States v. Clervrain*, No. 11-20074, ECF No. 90 (S.D. Fla. July 25, 2011); *United States v. Clervrain*, No. 11-60173, ECF No. 21 (S.D. Fla. July 25, 2011). Clervrain was sentenced to 108 months imprisonment with the Bureau of Prisons ("BOP") and was released on August 29, 2019. *Schimel*, 2020 WL 3064203, at *3. During Clervrain's imprisonment, the United States Department of Homeland Security initiated removal proceedings against him on April 2, 2019, supported by conviction of an aggravated felony. *Id.*

The instant matter seems to stem from his time in federal prison, his denial of United States citizenship, and his impending deportation. Plaintiff makes vague and conclusory allegations regarding domestic terrorism, apartheid, market manipulation, interstate commerce, mass deportation, racketeering conspiracies, genocide, the illegality of federal laws, the illegitimacy of the Constitution, and a conspiracy between lawmakers, government agencies, and private prisons. Plaintiff also discusses several "Acts," none of which exist, such as "The Ant Movement Act," the "Universal Nationality Character Act," and the "Nations Union Development academic treaties act." *Id.* at 1.

In terms of relief, Plaintiff requests seemingly unlimited access to legal resources such as an expansive law library, legal computing software, and free usage of the courts electronic filing system and PACER. Plaintiff also asks that this Court compel unidentified administrative and medical records that will allegedly substantiate his claims. D.E. 1 at 17. Further, Plaintiff claims he is entitled to exemplary, treble, compensatory, nominal, punitive, and general damages; attorney's fees and related costs; retroactive, declaratory, and injunctive relief; equitable relief; and "interest." D.E. 2 at 346-7. In addition, Plaintiff seeks an injunction prohibiting courts from allowing "first-time offenders to be housed in any private prison" and to exclude them from

removal proceedings.  *Id.*  Plaintiff also demands the closure of private prisons across the country.  *Id.* at 202.  But Plaintiff fails to connect his sought-after relief to an injury suffered because of the conduct of any specific defendant.  In fact, outside of putting "Christopher S. Porrino, et al" as Defendants in the case caption, Plaintiff does not even explain who Mr. Porrino is or name any of the other Defendants in this matter.

Thus, Plaintiff fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his submissions fail to connect any alleged occurrence to any specific injury.  Nowhere in Plaintiff's three motions does he purport that any specific Defendant harmed him in any way.  Instead, Plaintiff includes long excerpts of caselaw, statutes, and other legal labels but provides very few factual assertions.  Clervrain discusses far-fetched injustices related to domestic terrorism, apartheid, market manipulation, interstate commerce, mass deportation, racketeering conspiracies, genocide.  Clervrain, however, does not describe how any Defendant participated in any of these activities and how their participation harmed Plaintiff.  Even assuming Plaintiff's claims as truth, there is still no logical, reasonable inference to be made to connect any Defendant to any liability for injury onto Plaintiff.  Consequently, Plaintiff fails to state any claims in his three motions.  Plaintiff's motions, therefore, are denied.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002).  The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile.  *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).  In most cases, this Court will provide a *pro se* plaintiff with leave to file an amended (here, initial) complaint.

However, the *in forma pauperis* statute bars a prisoner from proceeding if they have acquired three strikes prior to the filing of their complaint and are not in imminent danger. 28 U.S.C. §1915(g). A "strike" under Section 1915(g) occurs when a court dismisses a complaint under the statute as frivolous, malicious, or because it failed to state a claim. *Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, (3d Cir. 2017) (quoting 28 U.S.C. § 1915(g)). Plaintiff has been identified by courts across the United States as a "three-strikes" litigant who has failed to allege imminent danger, resulting in denial of *in forma pauperis* status and ultimately in the dismissal of the action. *See Clervrain v. Nielsen*, No. 20-00603, 2021 WL 836872, at *2 (S.D. Ala. Feb. 4, 2021), *report and recommendation adopted,* No. 20-00603, 2021 WL 833056 (S.D. Ala. Mar. 4, 2021). Plaintiff does not allege that he is facing any imminent danger. But it is not clear if Clervrain is a prisoner as defined by 28 U.S.C. § 1915(h).[1] Consequently, although the Court will not dismiss this matter based on the three-strikes rule, given Clervrain's history of frivolous filings, the Court will close this matter with prejudice and Clervrain is not permitted to file any further motions or documents in this matter. *See Aruanno v. Davis*, 168 F. Supp. 3d 711, 714 (D.N.J. 2016) (applying three strikes rule to civil detainee because federal court has "discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege").

For the reasons stated above, pursuant to 28 U.S.C. § 1915(a), Plaintiff Manetirony Clervrain's application to proceed *in forma pauperis* is **GRANTED** but Plaintiff's motions (D.E.

---

[1] "The term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

5

1, 2, 3) are **DENIED**. Moreover, this matter is **DISMISSED with prejudice**. An appropriate Order accompanies this Opinion.

Dated: September 8, 2021

                                                  John Michael Vazquez, U.S.D.J.